

I attest and certify on 5-14-08 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Deputy

0009

FILED
CLERK U.S. DISTRICT COURT

MAY 1 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAY 1 9 2008

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| EDDIE JOHNSON,<br><br>                    Petitioner,<br><br>          v.<br><br>S.A. HOLENCIK, Warden,<br><br>                    Respondent. | ) Case No. ED CV 08-622-DSF (SH)<br>)<br>)<br>) MEMORANDUM AND ORDER<br>) TRANSFERRING ACTION TO THE<br>) UNITED STATES DISTRICT COURT<br>) FOR THE DISTRICT OF NEBRASKA<br>)<br>)<br>)<br>) |

## I. INTRODUCTION

On May 7, 2008, petitioner, a prisoner in federal custody, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), accompanied by a supporting Brief ("Brief"), ostensibly pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at FCI-Victorville, pursuant to a 121-month sentence imposed on April 28, 2003 following petitioner's conviction (pursuant to a plea agreement) in

1   the United States District Court for the District of Nebraska. (Petition at 1-2; Brief at

2   1-3). The Petition alleges that petitioner received ineffective assistance of counsel

3   based on his counsel's failure to object to petitioner being sentenced under the "crack

4   cocaine" guidelines, and on his counsel's failure to appeal petitioner's sentence.

5   (Petition at 3; Brief at 3-5, 7-22, Exhibit 1).

6

7   ## II. DISCUSSION

8   "Generally, motions to contest the legality of a sentence must be filed under

9   [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner,

10   location, or conditions of a sentence's execution must be brought pursuant to § 2241

11   in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000);

12   Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990). A prisoner may

13   file a habeas corpus petition under 28 U.S.C. § 2241 if "the remedy by motion [under

14   § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

15   2255.[1] "Because Congress made a deliberate choice to give jurisdiction over § 2241

16   petitions and § 2255 motions to different courts, a district court is obligated to

17   determine whether a petition falls under § 2241, pursuant to the savings clause, or

18   under § 2255." Hernandez, supra, 204 F.3d at 866. Since petitioner does not claim

19   that he falls within the "savings clause" of § 2255, and since the Petition solely

20   challenges the legality of petitioner's sentence, this Court properly construes the

21   Petition as a § 2255 Petition.

22   A petition under § 2255 must be filed in the district of conviction. Id. at 866.

23   Petitioner was convicted and sentenced in the United States District Court for the

24   District of Nebraska. Accordingly, the United States District Court for the Central

25   District of California does not have jurisdiction over the Petition. To cure want of

26   jurisdiction, the Petition must be transferred to the United States District Court for

27   the District of Nebraska pursuant to 28 U.S.C. § 1631. See id. at 865 n. 6.

28

---

[1]   This provision of § 2255 is referred to as the "savings clause."

2

## III. ORDER

1  

2  For the foregoing reasons, the Petition is transferred to the United States

3  District Court for the District of Nebraska for appropriate disposition as a § 2255

4  Petition.

5  DATED: ___5/12___, 2008

6  

7  

8  

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

9  

10  

11  Presented by:
May 12, 2008

12  

13  

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28