IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR244-2 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EDDIE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of the defendant, Eddie Johnson (filing 159).[1]  The defendant's motion was originally filed on May 7, 2008, in the United States District Court for the Central District of California, and was styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  On May 12, 2008, the California court issued a memorandum and order (filing 163) that treated the habeas petition as a § 2255 motion and transferred the matter to this court for disposition.

The defendant pleaded guilty of conspiracy to distribute cocaine base and, on April 30, 2003, was sentenced to a term of 121months' imprisonment, followed by a 5-year term of supervised release.  The sentence was affirmed by the United States

---

[1]  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Court of Appeals for the Eighth Circuit on January 15, 2004, and defense counsel was permitted to withdraw. No petition for writ of certiorari was filed. The defendant now claims that he was denied effective assistance of counsel at sentencing and on appeal.

Section 2255 contains a one-year limitations period. The period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the limitations period began to run on April 14, 2004, when the defendant's conviction became final. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005) (when no petition for writ of certiorari is filed on direct review, limitations period starts to run 90 days after Court of Appeals' judgment). There is no allegation that governmental action prevented or impeded the defendant from filing his § 2255 motion. The defendant raises no claim based on any newly recognized right that is retroactively applicable on collateral review. Finally, his motion is not based on newly discovered information.

Because the defendant's § 2255 motion was not filed within one year after April 14, 2004, it must be denied as time-barred. Accordingly,

IT IS ORDERED that:

1. Defendant's § 2255 motion (filing 159) is denied; and

2. Judgment shall be entered by separate document.

June 2, 2008.	BY THE COURT:

	s/ *Richard G. Kopf*
	United States District Judge