IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR244-2 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| EDDIE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for reconsideration (filing 167), which will be treated as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). Judgment was entered on June 2, 2008, dismissing the defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 as time-barred. Specifically, it was determined that the defendant's conviction became final, and that the one-year statute of limitations began to run, on April 14, 2004, ninety days after the Court of Appeals affirmed his conviction. The defendant's § 2255 motion was not filed until on or about May 7, 2008.

The defendant contends that he was prevented by "governmental action" from filing a timely § 2255 motion because his attorney, after filing an *Anders*[1] brief in the Court of Appeals, advised the defendant that "he would seek certiorari review with the United States Supreme Court." (Filing 159 at CM/ECF p. 31.) The defendant claims that he "only recently" learned that a petition for writ of certiorari was not filed. (Filing 167 at CM/ECF p. 3.)

---

[1] *Anders v. California*, 386 U.S. 738 (1967) (holding that after examining the record and concluding that an appeal would be wholly without merit, counsel may file a brief informing the court of any point that arguably might support an appeal, and request permission to withdraw).

Contrary to the defendant's argument, ineffective assistance of counsel does not constitute an "impediment to making a motion created by governmental action" for purposes of § 2255.[2] In some instances, though, ineffective assistance of counsel constitutes an "extraordinary circumstance" that will result in equitable tolling of the statute of limitations. See United States v. Martin, 408 F.3d 1089, 1093-94 (8th Cir. 2005) (equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevent timely filing). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." Id. at 1095.

In this case, the defendant merely alleges that his attorney promised to file a petition for writ of certiorari after filing an *Anders* brief. The defendant received a copy of the Court of Appeals' opinion affirming his sentence and granting counsel's motion to withdraw. (Filings 149, 151, 152, 153.) The defendant does not allege that he subsequently was misled by his attorney into believing that a petition was actually filed, or that he even made any inquiries of counsel or the courts regarding the status of his appeal. The defendant waited over four years to file his § 2255 motion.

---

[2] The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Because the defendant has not demonstrated that ineffective assistance of counsel prevented timely filing of his § 2255 motion,

IT IS ORDERED that the defendant's motion for reconsideration (filing 167), treated as a Rule 60(b) motion, is denied.

June 26, 2008. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

3